# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

In Re:

Andrew Welch,                          **Bankruptcy Case
                                        No. 14-40327-JDP**

        **Debtor.**

_____

## MEMORANDUM OF DECISION
_____


**Appearances:**

    Aaron J. Tolson, Ammon, Idaho, Attorney for Debtor Andrew
Welch.

    Michael D. Pogue, Lawson Laski Clark & Pogue, PLLC, Ketchum,
Idaho, Attorney for Darson's Group, Inc. d/b/a Chateau Drug & True
Value Hardware.

    Matthew T. Christensen, Angstman Johnson, PLLC, Boise, Idaho,
Attorney for chapter 7 trustee Janine P. Reynard.

MEMORANDUM OF DECISION – 1

### *Introduction*

Chapter 7[1] debtor Andrew Welch ("Debtor") filed a motion to compel arbitration of a dispute between Debtor and one of his creditors, Darson's Group, Inc. ("Darson"), and to stay proceedings concerning Debtor's pending objection to Darson's proof of claim in order for the parties to arbitrate the dispute ("the Motion").  Dkt. No. 88.  Darson and chapter 7 trustee Janine Reynard ("Trustee") filed oppositions to the Motion.  Dkt. Nos. 89 and 90.  The Court conducted a hearing to consider the Motion on July 9, 2015, during which the parties presented argument. At the conclusion of the hearing the Court took the issues under advisement.  This Memorandum of Decision represents the Court's findings of fact, conclusions of law, and decision concerning the issues. Rules 7052; 9014.

### *Facts*

The material facts are undisputed.  On October 19, 2007, Darson and

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 2

NEBT, Corporation ("NEBT") entered into a "Pharmacy Operation

Agreement" (the "Agreement").  Dkt. No. 88, Ex. B.  The Agreement

contained an arbitration provision that provided:

> Should any dispute arise between the parties
> hereto concerning this Agreement or the rights
> and duties of either in relation thereto, the parties
> agree to first submit the dispute to mediation,
> and, in the event mediation does not result in a
> settlement, such dispute shall be settled by
> arbitration . . . . Either party may file, in the
> manner provided by the rules of [the American
> Arbitration Association], a demand for arbitration
> at any time after the completion of the mediation .
> . . .

*Id.* at 6.  The parties to the Agreement were Darson and NEBT; Debtor,

apparently acting as its officer, signed the Agreement on behalf of NEBT.

On the same day Debtor signed a Personal Guarantee (the

"Guarantee") wherein he "unconditionally guarantee[d] and promise[d] to

perform all obligations of NEBT under [the Agreement] and to pay all

amounts which may be due to [Darson] under [the Agreement]."  Dkt. No.

88, Ex. A.  In addition, the Guarantee provided: "[t]he obligations

hereunder are independent of the obligations of NEBT under [the

MEMORANDUM OF DECISION – 3

Agreement] and a separate action or actions may be brought and

prosecuted against [Debtor] whether [an] action is brought against NEBT  .

. . ."  *Id.*  The Guarantee contains no provision regarding arbitration.

On January 11, 2012, Darson sent NEBT a notice of default

concerning the Agreement, and on January 26, 2012, Darson sent NEBT a

notice of termination of the Agreement.[2]  On January 27, 2012, Darson

sued NEBT and Debtor in Idaho state court; both actively defended that

action.  On April 2, 2014, the state court entered a judgment against NEBT.

The claims against Debtor were set to proceed to trial on April 16, 2014,

however, Debtor filed a chapter 7 petition on April 3, 2014, effectively

staying that action.

Darson filed a proof of claim in Debtor's bankruptcy case based

upon the state court judgment against NEBT and Debtor's obligations

under the Guarantee.  Debtor objected to allowance of the proof of claim

---

[2] For purposes of this Memorandum, the Court need not, and does not,
make any findings concerning Darson's claim that NEBT breached the
Agreement, nor whether there was a proper basis for Darson to declare a default
or terminate the Agreement.

MEMORANDUM OF DECISION – 4

on April 27, 2015.[3]  Dkt. No. 65.  On June 5, 2015, Debtor filed the Motion

requesting that the Court order the parties to arbitrate the dispute and to

stay further action concerning Debtor's objection to Darson's proof of

claim pending that arbitration proceeding.

### *Analysis and Disposition*

Debtor argues the Court should order arbitration even though

Debtor was not identified as a party to the Agreement because that

Agreement contains an arbitration provision and the Guarantee

incorporates this provision by reference.  Dkt. No. 88 at 1.  Darson and

Trustee disagree.

### I.    **Applicable Law**

Whether parties have agreed to arbitrate a dispute is to be decided

by application of "general state-law principles of contract interpretation,

---

[3]  Neither Darson nor Trustee have contested Debtor's standing to object
to allowance of the Darson claim.  Presumably, this is because Debtor waived his
right to a discharge after the United States Trustee commenced an action against
Debtor under § 727(a).  Dkt. No. 61.  Debtor therefore asserts he has a pecuniary
interest in any decision by the Court concerning the nature and extent of his
liability to Darson.

MEMORANDUM OF DECISION – 5

while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009) (quoting *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996)). However, the federal policy favoring arbitration does not override the requirement that the parties must have agreed to resolve the dispute via arbitration. *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014). This is so because "[a]rbitration is strictly a matter of consent and thus is a way to resolve those disputes—*but only those disputes*—that the parties have agreed to submit to arbitration." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010) (emphasis in original) (internal quotation marks and citations omitted).

In addition, "contract and agency principles apply in determining the enforcement of an arbitration agreement by or against nonsignatories" to a contract. *Mundi*, 555 F.3d at 1045 (citing *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006)). "Among these principles are '1) incorporation

MEMORANDUM OF DECISION – 6

by reference; 2) assumption; 3) agency; 4) veil piercing/alter ego; and 5)

estoppel.'"  *Comer*, 436 F.3d at 1098 (quoting *Thomson-CSF, S.A. v. Am.*

*Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)).

      The Guarantee contains no express provision addressing the parties'

right to seek arbitration of any disputes.  Instead, Debtor, as a

nonsignatory to the Agreement, relies on the language in the Guarantee

purporting to incorporate by reference the terms of the Agreement,

including its arbitration clause, as the basis to compel arbitration.  *See* Dkt.

No. 88 at 1.  In Idaho, "'[f]or terms of another document to be incorporated

into the document executed by the parties the reference must be clear and

unequivocal, the reference must be called to the attention of the other

party and he must consent thereto, and the terms of the incorporated

document must be known or easily available to the contracting parties.'"

*Loomis, Inc. v. Cudahy*, 656 P.2d 1359, 1372 (Idaho 1982) (quoting *Scotts*

*Valley Fruit Exch. v. Growers Refrigeration Co.*, 184 P.2d 183, 189 (Cal. Dist.

Ct. App. 1947)); *see also Cariaga v. Local No. 1184 Laborers Int'l Union of N.*

MEMORANDUM OF DECISION – 7

*Am.*, 154 F.3d 1072, 1074 (9th Cir. 1998) (applying California law, as did the

Idaho Supreme Court in *Cudahy*, and stating "for one document to

incorporate another by reference, the reference to the incorporated

document must be clear and unequivocal and the terms of the

incorporated document must be known or easily available to the

contracting parties.'") (citation and quotation marks omitted);

*Truckstop.net, LLC v. Sprint Commc'n Co. L.P.*, 537 F. Supp. 2d 1126, 1137-38

(D. Idaho 2008) (noting Idaho follows California law with respect to

whether documents have been effectively incorporated by reference).

While exact words of incorporation are not required, "to impliedly

incorporate an external document by reference, the subject document must

contain some clear and unequivocal reference to the fact that the terms of

the external document are incorporated." *Amtower v. Photon Dynamics,*

*Inc.*, 158 Cal. App. 4th 1582, 1608 (Cal. Ct. App. 2008); *see also City of*

*Meridian v. Petra, Inc.*, 299 P.3d 232, 243 (Idaho 2013) ("'A signed

agreement may incorporate by reference another agreement, which is not

MEMORANDUM OF DECISION – 8

signed by the parties, if the terms to be incorporated are adequately

identified and readily available for inspection by the parties.'") (quoting

*Harris, Inc. v. Foxhollow Constr. & Trucking, Inc.*, 264 P.3d 400, 416 (Idaho

2011)).

## II.    Application of the Law to the Facts

As noted above, the parties to the Guarantee did not expressly agree

in that contract to arbitrate a dispute.  In addition, the Guarantee does not

clearly and unequivocally incorporate by reference the Agreement's

arbitration provision, as required by Idaho law.[4]  While it is clear that

NEBT and Darson intended that any dispute between those parties

concerning the Agreement would be submitted to arbitration, if mediation

of the dispute failed, the Guarantee lacks any sort of similar provision

regarding arbitration.  Further, while the Guarantee mentions the

Agreement, the Guarantee does not expressly, or even impliedly,

---

[4] Even if the Guarantee did incorporate the Agreement by reference, it
Debtor seemingly ignores the Agreement's provision that first requires a dispute
to be submitted to mediation, and only if that process fails to resolve the dispute,
to arbitration.

MEMORANDUM OF DECISION – 9

incorporate the terms of the Agreement by reference in general, nor in particular, the arbitration clause, by reference.  Instead, the Guarantee merely states that Debtor "unconditionally guarantees and promises to perform all obligations of NEBT under [the Agreement] and to pay all amounts which may be due to [Darson] under [the Agreement.]"  Dkt. No. 88, Exh. A.

Based on this record, the Court concludes the language in the Guarantee is insufficient under Idaho law to clearly and unequivocally incorporate the Agreement, or even portions of it, by reference.  *Cariaga*, 154 F.3d at 1074; *Cudahy*, 656 P.2d at 1372; *City of Meridian*, 299 P.3d at 243; *Amtower*, 158 Cal. App. 4th at 1608.  Debtor has not advanced any other contract or agency principle as a basis to compel Darson to arbitrate any dispute between Debtor and Darson arising under the Guarantee.[5]

---

[5] Surprisingly, the Motion cites no relevant case law or other authority to support the relief Debtor requests.  That Debtor based his request on the principle of incorporation by reference—a valid potential basis to compel arbitration of a dispute by a nonsignatory to a contract—was apparently the result of counsel's legal research that he did not share with the Court, or perhaps, serendipity.

MEMORANDUM OF DECISION – 10

Therefore, Debtor, as a nonsignatory to the Agreement, may not invoke

that contract's arbitration provision in this case.[6]

### *Conclusion*

The Motion seeking an order compelling arbitration of the dispute

between Debtor and Darson, and to stay the proceedings on Debtor's

objection to Darson's proof of claim, Dkt. No. 88, will be denied in a

separate order.

Dated:  July 29, 2015

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge


_____

[6] Because the Court concludes the arbitration provision of the Agreement
may not be used by Debtor to compel arbitration of the dispute between Darson
and Debtor, the Court declines to address Darson's argument that, even if
Debtor has a right to arbitrate, he waived that right under these facts.

MEMORANDUM OF DECISION – 11